**SMITH v. PRUTTON et al.**

No. 19947.

District Court, N. D. Ohio, E. D.

Nov. 7, 1940.

Charles W. Parker and Max D. Farmer, both of Buffalo, N. Y. and William E. Chilton, of Cleveland, Ohio, for plaintiff.

Oberlin Limbach & Day, and Oscar C. Limbach, all of Cleveland, Ohio, for defendants.

JONES, District Judge.

· This case was submitted upon written stipulations and the record and proofs before the patent tribunals. No additional evidence was offered by either of the parties. The issues have been fully briefed. It is a patent interference action brought under favor of Section 4915, Revised Statutes, 35 U.S.C.A. § 63, by the losing party before the Patent Office. The issue of the interference was finally limited, to one count. .The Examiner of Interferences awarded priority of invention to the plaintiff Smith, but on appeal the Board of Appeal awarded priority to the defendant Prutton. The count or claim in issue relates to a lubricant compound composed essentially of mineral oil, with additional specific agents or constituents designed to meet the demand for satisfactory and efficient lubrication. of bearings and the like metallic contacts, under operating conditions of extreme pressure. The Patent Office tribunals fully discussed the points made here, and their opinions and decisions have been carefully examined, since their findings are, and rightly should be, accorded persuasive weight unless this Court be convinced that they are plainly and unmistakably erroneous.

The Examiner of Interference found that the work on and production of the compound for Prutton early in 1932 did not deal with a lubricant composition with "high film strength and lower coefficient of friction over a significant range of working conditions than any one of its constituents or any two of its constituents combined"; that Prutton then had no conception of the invention later claimed therein; and, that no reduction to practice by him at the earlier date satisfactorily had been established. Limiting Prutton to his filing date, priority was awarded to Smith as senior party.

This result would have considerable influence with the Court if there had been no review on appeal resulting in reversal, and an adherence to the decision on appeal upon reconsideration. .The Board of Appeals found that the Examiner's holdings were erroneous in two material respects: first, lack of appreciation by Prutton of conception or invention earlier than his filing date; second, lack of satisfactory

proof of reduction to practice and commercialization. The Board of Appeals held that the composition requirement of the count in issue adequately was supported by the clause of the claim as limited by the Examiner; and, that failure of an inventor to specify all the uses and properties or the full import of his conception did not deprive him of the right to claim the benefit of what is expressly or inherently present in his claim.

The Board of Appeals upon the other question held that there was adequate showing or proof of commercialization based upon evidence of production in quantities greatly in excess of experimental requirements. Upon the request of Smith, the Board of Appeals reconsidered its decision, again covering the original issues as urged in briefs filed in support of the request.

■ From a consideration of the issues involved, I think the question of priority is a close one. How confidently one may say that experiments and production of the composition in quantities greatly in excess of experimental requirements furnish substantial evidence of reduction to practice depends upon the rules and principles laid down by the reviewing courts, and the same is true of the issue of conception. But I do not regard the opposed decisions of the Patent Office tribunals as creating a stalemate on priority. The Board of Appeals decision would seem to me to carry the greater weight as the final tribunal in the Patent Office.

■ Although it is true that Prutton seems not to have recognized earlier the anticipated increase in film strength and reduction in friction beyond the normal resulting from his compound, yet the fact appears to be that those characteristics were inherent in the disclosure presented by the preamble of the claim in interference. On the whole, a reappraisal of the merits of the respective claims to priority results in an award to Prutton. Certainly he produced the lubricant compound containing the essentials and the frictional characteristics expressly claimed in his preamble. The authorities seem to support Prutton's claim that he is entitled to the fruits of invention to the extent that the language of his claim covers characteristics and properties essential to the composition, and this even though he may not have specified therein all properties or all results which later might be obtained, or that he may not have at the time of conception and reduction to practice clearly appreciated the full sweep, the advantages, and the benefits of his invention. If this premise stands up, Smith is in no position to be awarded priority since his dates of conception and practice are definitely later than Prutton.

Accordingly, the petition will be dismissed at plaintiff's costs.